[No. 14053-5-II.    Division Two.    October 23, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. GLEN GRANT
GOODIN, *Appellant.*

624

*Steven W. Thayer,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Jeffrey D. Barrar, Deputy,* for respondent.

PETRICH, C.J. — Glen Goodin appeals his convictions for possession of methamphetamine with intent to deliver, contending that the police engaged in an illegal pretextual search to obtain evidence, followed by an unlawful warrantless search to obtain more evidence. He also contends that a trial stipulation by his attorney that his residence was within 1,000 feet of a school bus route stop and his trial attorney's failure to present an affirmative defense resulted in ineffective assistance of counsel. We affirm.

On March 9, 1990, Detective Friberg of the Clark-Skamania Narcotics Task Force obtained a warrant to search Goodin's residence to look for Patrice Fair, a co-occupant of the residence. Friberg had previously obtained an arrest warrant for Fair. Undersheriff Robert Songer supervised the execution of the search warrant, and after Friberg served the search warrant on Goodin, Detective Christensen, whose

purpose was to see that there were no people in the residence who could threaten the officers, went into the bedroom and saw controlled substances on the floor in plain view, which he seized.

In reviewing the validity of the seizure, the trial court found that: Friberg wanted to search the residence for drugs but lacked probable cause; Friberg had searched prior residences of Goodin and found drugs; Friberg knew that Goodin had recent convictions for possession of controlled substances; Friberg knew that Patrice Fair had a prior conviction for possessing a controlled substance; and Friberg knew that Goodin had a reputation among law enforcement officers as a drug dealer. The trial court found that it was the officers' "subjective state of mind that they probably would find drugs inside of the residence. However, the officers did not have probable cause to believe that they would find drugs in the residence on March 9, 1990." It also found that "[t]he officers conferred among themselves prior to execution of the warrant about the possibility of finding drugs."

On March 11, 1990, the police returned to Goodin's residence to arrest him on a probation violation warrant. After Goodin answered the door, Undersheriff Songer asked him to step out. Songer then arrested him. While doing so, Songer looked into the apartment and saw a juvenile female in the doorway of the bathroom. She bolted into the bathroom and closed the door. Songer heard the sound of the toilet flushing. Believing that she was flushing evidence, Songer went into the bathroom, pushed her aside, and retrieved contraband out of the toilet. In reviewing the validity of this seizure, the trial court refused to suppress the evidence, finding that Songer had probable cause to believe the woman possessed controlled substances and that exigent circumstances existed to justify the warrantless entry.

## I

### PRETEXTUAL SEARCH

Goodin first contends that the police violated his constitutional right of privacy on March 9, 1990, when they entered

his home without probable cause to search for contraband and seized contraband. He contends that their use of a search warrant for Patrice Fair was a mere pretext for a general exploratory search of his residence and, therefore, the trial court erred in not suppressing evidence seized by the police after they observed it in plain view. In his reply brief, Goodin asserts that under the more protective standard of article 1, section 7 of the Washington State Constitution, this court must look to the subjective purpose of the officer executing the warrant.

■ We disagree. Where an unchallenged warrant is used to gain access to the home, especially a warrant for the arrest of a co-occupant, the officer's subjective intent is irrelevant. The purpose of the pretext rule is:

> to prevent police officers from looking for or manufacturing grounds for an arrest for a minor offense in order to search for evidence of another suspected crime for which there is no probable cause for a search warrant.

*State v. Davis*, 35 Wn. App. 724, 727, 669 P.2d 900 (1983), *review denied*, 100 Wn.2d 1039 (1984). The rule, however, has limitations:

> Where there is a preexisting warrant, however, the basis for the rule preventing use of a pretext arrest to search for evidence of another crime no longer exists. . . .
> . . . Regardless of the arresting officers [*sic*] additional motives, they had the authority to arrest on that warrant.

*Davis*, at 727.

"[T]hat the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Scott v. United States*, 436 U.S. 128, 138, 56 L. Ed. 2d 168, 98 S. Ct. 1717 (1978). *Accord*, 1 W. LaFave, *Search and Seizure* §§ 1.4(a), 1.4(d) (2d ed. 1987). *See also State v. Michaels*, 60 Wn.2d 638, 645, 374 P.2d 989 (1962) (arrest for sole purpose of searching vehicle); *Taglavore v. United States*, 291 F.2d 262 (9th Cir. 1961)

(arrest used as an excuse for making a search); *Williams v. United States*, 418 F.2d 159 (9th Cir. 1969) (delay in serving warrant does not make it a pretext search when officers acted with due diligence), *aff'd on other grounds*, 401 U.S. 646, 28 L. Ed. 2d 388, 91 S. Ct. 1148 (1971); *United States v. Smith*, 802 F.2d 1119 (9th Cir. 1986) (delay in arresting until second cocaine purchase does not constitute pretext to search).

Goodin does not challenge the validity of the warrant authorizing a search for Patrice Fair; hence, we assume that the police had a legal basis for entering Goodin and Fair's home. As Officer Christensen walked through the home pursuant to the warrant, he discovered contraband in plain view. As the warrant did not authorize a search for controlled substances, we must review the seizure under the "plain view" exception to the warrant requirements.

> The "plain view" doctrine is an exception to the Fourth Amendment's warrant requirement that applies *after* police intrude into an area in which there is a reasonable expectation of privacy. *State v. Daugherty*, 94 Wn.2d 263, 267, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958 (1981). Under the plain view doctrine, an officer must: (1) have a prior justification for the intrusion; (2) inadvertently discover the incriminating evidence; and (3) immediately recognize the item as contraband. *State v. Kennedy*, 107 Wn.2d 1, 13, 726 P.2d 445 (1986).

*State v. Myers*, 117 Wn.2d 332, 346, 815 P.2d 761 (1991).

■ As noted, Goodin does not challenge the validity of the warrant that allowed the officers into his and Fair's residence. Goodin also does not challenge the officer's immediate recognition of the seized item as contraband. His only argument is that the officer's subjective state of mind, *i.e.*, his expectation that he would find contraband, eliminated the inadvertence of the discovery. However, inadvertent discovery is no longer required under the Fourth Amendment to justify a seizure of evidence in plain view, *Horton v. California*, 496 U.S. 128, 110 L. Ed. 2d 112, 110 S. Ct. 2301 (1990),

and has never been explicitly required under article 1, section 7 of the Washington Constitution.

■■ Citing *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986), Goodin argues for the first time in his reply brief that this state's heightened privacy interests under article 1, section 7 of the Washington State Constitution require us to look to the officer's subjective state of mind. We generally do not consider arguments raised for the first time in a reply brief because the respondent has not had an opportunity to respond and, as a consequence, the issue has not been fully developed. *See In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990); RAP 10.3(c). Nonetheless, any heightened privacy interest arising under the state constitution is protected by virtue of the warrant. The reasoning of the Supreme Court is equally applicable here as under the Fourth Amendment:

> First, evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer. The fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by the terms of a warrant or a valid exception to the warrant requirement. If the officer has knowledge approaching certainty that the item will be found, we see no reason why he or she would deliberately omit a particular description of the item to be seized from the application for a search warrant. Specification of the additional item could only permit the officer to expand the scope of the search. On the other hand, if he or she has a valid warrant to search for one item and merely a suspicion concerning the second, whether or not it amounts to probable cause, we fail to see why that suspicion should immunize the second item from seizure if it is found during a lawful search for the first. . . .
>
> Second, the suggestion that the inadvertence requirement is necessary to prevent the police from conducting general searches, or from converting specific warrants into general warrants, is not persuasive because that interest is already served by the requirements that no warrant issue unless it "particularly describ[es] the place to be searched and the persons or things to be seized," see *Maryland* v. *Garrison*, 480 U. S. 79, 84[, 94 L. Ed. 2d 72, 107 S. Ct. 1013] (1987); *Steele* v.

*United States No. 1*, 267 U. S. 498, 503[, 69 L. Ed. 757, 45 S. Ct. 414] (1925) . . .. Scrupulous adherence to these requirements serves the interests in limiting the area and duration of the search that the inadvertence requirement inadequately protects. Once those commands have been satisfied and the officer has a lawful right of access, however, no additional Fourth Amendment interest is furthered by requiring that the discovery of evidence be inadvertent. If the scope of the search exceeds that permitted by the terms of a validly issued warrant or the character of the relevant exception from the warrant requirement, the subsequent seizure is unconstitutional without more.

(Footnotes omitted.) *Horton*, at 138-40.

The discovery of the contraband did not involve an intrusion on Goodin's right of privacy any greater than that allowed by the lawfully issued search warrant and, hence, the search did not implicate any additional privacy rights justifying suppression of the evidence. As the police action satisfies the requirements of the "plain view" exception, the trial court properly refused to suppress the fruits of the search.

## II
### WARRANTLESS ENTRY AND SEARCH

Goodin next asserts that the trial court erred in not suppressing the fruits of the March 11, 1990, warrantless entry and seizure in his residence.

In *State v. Bean*, 89 Wn.2d 467, 472, 572 P.2d 1102 (1978), the court noted:

Subject only to a few exceptions, a search without a warrant is per se unreasonable under the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). "The exceptions are 'jealously and carefully drawn,' and there must be 'a showing by those who seek exemption . . . that the exigencies of the situation made that course imperative.' '[T]he burden is on those seeking the exemption to show the need for it.' " (Footnotes omitted.) *Coolidge v. New Hampshire*, 403 U.S. 443, 455, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971).

We judge the reasonableness of the officer's belief that exigent circumstances existed by an objective standard. *State*

*v. Hall*, 53 Wn. App. 296, 301, 766 P.2d 512, *review denied*, 112 Wn.2d 1016 (1989). The federal courts have, as did the trial court below, considered five general factors to determine whether exigent circumstances existed:

1. The degree of urgency involved and the amount of time necessary to obtain a warrant.

2. A reasonable belief that the contraband is about to be removed.

3. The possibility of danger to police officers guarding the site while a warrant is sought.

4. Information indicating that the possessors of the contraband are aware that the police are on their trail.

5. The ready destructibility of the contraband and the knowledge that disposal efforts are characteristic behavior of persons engaged in narcotics trafficking.

*Hall*, at 302 (citing *United States v. Rubin*, 474 F.2d 262, 268-69 (3d Cir.) (citing numerous federal cases), *cert. denied*, 414 U.S. 833 (1973)).

Goodin does not challenge the trial court's relevant finding:

11. Officer Songer then looked into the apartment and saw a juvenile female in the house. She was in the doorway of the bathroom. She bolted into the bathroom, closed the door, and the officer heard the toilet flush. He chased her in there, and because he believed she was flushing evidence, he pushed her aside and retrieved the contraband out of the toilet bowl.

The trial court applied the *Hall* factors and concluded that Officer Songer "had probable cause to believe the female present in the apartment was in possession of suspected contraband due to his prior knowledge of the premises and her furtive movements." The court also concluded that "[t]he entry into the residence . . . was made with exigent circumstances and the officer did not have time to obtain a warrant."

Goodin contends that the factual findings only support a conclusion that a *possibility* existed that the woman pos-

sessed contraband, not probable cause. He relies on *State v. Morgavi*, 58 Wn. App. 733, 794 P.2d 1289 (1990), where the court rejected the State's contention that it had probable cause to make a warrantless entry into the defendant's residence. The court held that a suspicion that a crime had occurred was insufficient. However,

> [c]ircumstances that might appear innocuous to the average person may appear incriminating to a police officer in light of past experience, and the officer may bring that experience to bear on a situation . . . [*State v.*] *Samsel*, 39 Wn. App. [564, 570-71, 694 P.2d 670 (1985)]. It is necessary only that the circumstances at the time of the stop be more consistent with criminal than innocent conduct. *State v. Mercer*, 45 Wn. App. 769, 774, 727 P.2d 676 (1986).

*State v. Thierry*, 60 Wn. App. 445, 448, 803 P.2d 844 (1991).

Here, the facts and circumstances support the trial court's conclusion that probable cause existed. The officer had executed a search warrant fewer than 48 hours earlier and had seized controlled substances, Goodin had two prior drug possession convictions, the neighbors had complained about excessive foot traffic in and out of the apartment, the police had arrested James Ross fewer than 48 hours earlier at the residence for possession of a controlled substance with intent to deliver while armed with a deadly weapon, and the juvenile made furtive movements.

While we agree with *State v. Hobart*, 94 Wn.2d 437, 446-47, 617 P.2d 429 (1980) that a prior conviction or arrest cannot afford grounds for believing that a person is engaged in criminal activity, there are additional circumstances here. The police had knowledge that Goodin's residence was a drug transaction point. They had recently recovered drugs and made two arrests there. The juvenile's behavior when she saw the police was behavior typical of an attempt to destroy contraband. A reasonable person would believe that she possessed drugs and was making a quick attempt to destroy them.

The actions also suggested an attempt to destroy evidence and thus, the officer correctly felt that exigent cir-

cumstances existed to enter the premises without a warrant. As these actions constituted a felony, Goodin's reliance on *State v. Ramirez*, 49 Wn. App. 814, 746 P.2d 344 (1987) is improper.

## III
### INEFFECTIVE ASSISTANCE OF COUNSEL

Goodin contends that his trial attorney's entry into a stipulation that Goodin's residence was within 1,000 feet of a school bus route stop and his trial attorney's failure to present an affirmative defense was ineffective assistance.

■ The Washington State and United States Constitutions guarantee a criminal defendant the right to effective assistance of counsel. Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 14, § 1. The test for ineffective assistance of counsel has two parts. One, it must be shown that the defense counsel's conduct was deficient, *i.e.*, that it fell below an objective standard of reasonableness. Two, it must be shown that such conduct prejudiced the defendant, *i.e.*, that there is a reasonable possibility that, but for the deficient conduct, the outcome of the proceeding would have been different. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (adopted test from *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)).

In reviewing this type of challenge, this court must presume that the assistance was effective. *State v. Sardinia*, 42 Wn. App. 533, 539, 713 P.2d 122, *review denied*, 105 Wn.2d 1013 (1986). Generally, a court will not consider those matters it regards as tactical decisions or matters of trial strategy. *State v. Carter*, 56 Wn. App. 217, 224, 783 P.2d 589 (1989). "If defense counsel's trial conduct can be characterized as legitimate trial strategy or tactics, then it cannot serve as a basis for a claim that the defendant did not receive effective assistance of counsel." *State v. Mak*, 105 Wn.2d 692, 731, 718 P.2d 407, *cert. denied*, 479 U.S. 995 (1986); *State v. Adams*, 91 Wn.2d 86, 90-91, 586 P.2d 1168 (1978); *State v. White*, 81 Wn.2d 223, 225, 500 P.2d 1242 (1972).

Goodin's attorney stipulated that Goodin's residence was within 1,000 feet of a school bus route stop, thus making a sentence for a guilty verdict subject to enhancement. RCW 69.50.435(a) provides, in relevant part:

(a) Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with intent to manufacture, sell, or deliver a controlled substance listed under that subsection . . . to a person in a school or on a school bus or within one thousand feet of a school bus route stop . . . may be punished . . . by imprisonment of up to twice the imprisonment otherwise authorized by this chapter . . ..

In addition, the sentencing court must add 24 months to the presumptive sentence. RCW 9.94A.310(5) provides:

An additional twenty-four months shall be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435.

Goodin contends that his trial attorney entered into the stipulation believing that he could argue that Goodin was unaware a school bus route stop was within 1,000 feet of his home. Goodin contends that this decision shows that his trial counsel had not read the applicable statutes. RCW 69.50.435(b) provides:

It is not a defense to a prosecution for a violation of this section that the person was unaware that the prohibited conduct took place while in a school or school bus or within one thousand feet of the school or school bus route stop, in a public park, on a public transit vehicle, or in a public transit stop shelter.

■ The trial record does not support Goodin's argument. Goodin's trial attorney argued vigorously at pretrial that the statute was unconstitutional and presented a brief to the court in support of his position. In that brief, his attorney presented arguments about the lack of adequate notice and other constitutional considerations. The trial court intended to decide the issue only if the jury rendered a guilty verdict. It was only because of Goodin's later waiver of his right to challenge the constitutionality of the statute that his attorney's arguments were left undecided. In fact, Goodin

made this waiver against the advice of his counsel.[1] The decision to enter into a stipulation was a trial tactic which, only because of Goodin's own actions, was not allowed to develop.

Goodin also contends that his trial attorney's failure to raise an affirmative defense to the enhancement provision resulted in ineffective assistance. RCW 69.50.435(d) provides:

> It is an affirmative defense to a prosecution for a violation of this section that the prohibited conduct took place entirely within a private residence, that no person under eighteen years of age or younger was present in such private residence at any time during the commission of the offense, and that the prohibited conduct did not involve delivering, manufacturing, selling, or possessing with the intent to manufacture, sell, or deliver any controlled substance in RCW 69.50.401(a) for profit. . . .

In presenting this affirmative defense, Goodin would have had to prove, by a preponderance of the evidence, three things: that he was in a private residence, that no person under 18 was present, and that he did not have possession with intent to deliver *for profit*. This affirmative defense was only available for the March 9, 1990, charge as the woman present at his home at the time of the March 11, 1990, seizure was a juvenile, age 16. With reference to the March 9, 1990, count, Goodin contends that the State's failure to present evidence of any sales makes it likely that he could have proven that his possession with intent to deliver was not for profit. In light of the evidence of traffic coming and going from the apartment at all hours of the night and the admission into evidence of scales, cash, drugs, and money, it is not reasonable to conclude that but for the

---

[1] Noteworthy, Division Three of this court found this sentence enhancement unconstitutional in *State v. Coria*, 62 Wn. App. 44, 813 P.2d 584, *review granted*, 117 Wn.2d 1022 (1991). However, Division One has criticized the opinion as applying the wrong constitutional test. *State v. Danis*, 64 Wn. App. 814, 819, 826 P.2d 1096, *review denied*, 119 Wn.2d 1015 (1992); *State v. Dobbins*, 67 Wn. App. 15, 834 P.2d 646 (1992). As the issue is not properly before us, we do not comment on the constitutionality of the statute.

635

failure to present an affirmative defense, the outcome of the trial would have been different.

Judgment affirmed.

ALEXANDER and SEINFELD, JJ., concur.

Reconsideration denied December 17, 1992.

Review denied at 121 Wn.2d 1019 (1993).