[No. 20297-6-III. Division Three. December 11, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. JANICE LOUISE BUSIG, *Appellant*.

*James E. Egan*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Terry J. Bloor, Deputy*, for respondent.

SCHULTHEIS, J. — Police officers searched Janice L. Busig's residence while executing a search warrant for a man who had two outstanding arrest warrants. Items found in the residence and in rentals on the property led to a second search warrant for evidence of methamphetamine manufacture. Ms. Busig was charged by amended information with (1) possession of methamphetamine and (2) manufacturing methamphetamine or possession of ephedrine or pseudoephedrine with intent to manufacture methamphetamine. She argued in her motion to suppress the evidence that the police officers used the original search warrant as a pretext to search the residence for suspected controlled substances violations. The trial court denied the motion to suppress and she was convicted in a jury trial.

Ms. Busig now appeals, contending the judgment must be reversed because the officers submitted a pretextual application for the original search warrant and because the officers committed misconduct. She also contends the second search warrant was not supported by probable cause. Because we find that the search warrants were supported

by probable cause, we decline to apply a pretext analysis, and affirm.

In mid-November 2000, police officer Rick Runge of the Tri-City Metro Drug Task Force noticed Jon Wahl near a residence at 113 North Kent in Kennewick. Officer Runge had been investigating Mr. Wahl for almost two years for suspected methamphetamine manufacture. He saw that Mr. Wahl's motor home, which had been at another address previously, was now on the lot at 113 North Kent. Officer Runge set up surveillance for about one and one-half hours and observed Mr. Wahl enter and leave 113 and 113 1/2 North Kent (a detached apartment) freely. He also saw evidence of other people on the property, including the vehicle of a man who had reportedly threatened utility workers with a sword and a handgun.

After confirming that Mr. Wahl had two outstanding arrest warrants, Officer Runge decided to request a search warrant at 113 and 113 1/2 for Mr. Wahl. The affidavit in support of the warrant included the above information and other details regarding the movements of Mr. Wahl and the other people observed. On November 14, 2000, the warrant was issued as "SEARCH WARRANT (Controlled Substances)," and included the following language:

> WHEREAS, upon the sworn Complaint heretofore made before me, it appears to the undersigned Superior Court Judge, that there is probable cause to believe that in violation of the laws of the State of Washington, controlled substances, as defined by law, are being used, manufactured, sold, bartered, exchanged, administered, dispensed, delivered, distributed, produced, possessed, given away, furnished or otherwise disposed of or kept, in violation of the provisions of the State of Washington, in, about, and on certain premises within Benton County, Washington, hereinafter designated and described as follows, to-wit: **113 and 113 1/2 N. Kent, Kennewick, . . . described as being on the same property and both described as white stucco single family dwellings lo-**

**cated on the west side of N. Kent . . . 113 1/2 is a detached apartment and has an electrical line running from 113 to 113 1/2 and is part of the same property; the person of JON BRADLEY WAHL, DOB: 03-23-63, described as a white male, approximately 6'02", 190 pounds with blue eyes and brown hair.**

NOW, THEREFORE, . . . you are hereby commanded, with the necessary and proper assistance, to enter and search the above described premises, take into custody the person(s) within ten (10) days of this date.

Clerk's Papers at 94. The warrant was a standard form with the specific information added in bold type.

Officer Runge and seven to nine additional officers executed the warrant the next day. The officers split up and entered the two residences and the motor home. During the course of their search for Mr. Wahl, they found in plain view two propane tanks in 113 1/2, a coffee blender containing white residue in the basement of 113, and a smoking pipe and other paraphernalia in the motor home. Officer Runge then made a telephonic affidavit for a search warrant, describing the items found as consistent with the manufacture of methamphetamine. On the basis of this affidavit, a second warrant was issued authorizing the search of all buildings and vehicles on the property, including the motor home, a camper, and a pickup. Additional items associated with the manufacture of methamphetamine were discovered in the ensuing search.

Ms. Busig, who lived in 113 and was present at the residence during the searches, was charged by amended information with the following: (Count I) the manufacture of methamphetamine (RCW 69.50.401(a)(1)), with notice of a school zone violation (RCW 69.50.435(a)(4)) and with notice of a child on the premises during manufacture (former RCW 9.94A.128 (2000)); or with alternative Count I, knowingly and unlawfully possessing ephedrine or pseudoephedrine with intent to manufacture methamphetamine (RCW 69.50.440) and with notice of a child on the premises (former RCW 9.94A.128); and (Count II) posses-

sion of methamphetamine (RCW 69.50.401(d)). Pretrial, Ms. Busig moved pursuant to CrR 3.6 to suppress the evidence obtained during the searches. She argued that Officer Runge misled the magistrate by stating that the purpose of the original warrant was to search for and arrest Mr. Wahl, while the real purpose of the warrant was to search for evidence of methamphetamine manufacture and possession. Finding that the officers were entitled to arrest Mr. Wahl for the outstanding warrants, and merely took the extra step of obtaining another warrant for the same purpose, the trial court denied the motion to suppress.

Ms. Busig was convicted of manufacturing methamphetamine with the two enhancements and with possession of methamphetamine. She received a Drug Offender Sentencing Alternative of 57 months of confinement. On appeal, she challenges the basis for each of the two search warrants.

CONSTITUTIONALITY OF A PRETEXTUAL WARRANT

Ms. Busig first contends the original search warrant was a pretext to search for evidence of narcotics violations. Citing pretextual arrest cases, she asserts that the pretextual warrant violated her constitutional rights. She neglects to mention which constitutional rights are implicated.

 Warrants are issued on probable cause, supported by oath or affirmation, and must describe with particularity the place to be searched and the persons or things to be seized. U.S. CONST. amend. IV; *State v. Clark*, 143 Wn.2d 731, 747, 24 P.3d 1006, *cert. denied*, 534 U.S. 1000 (2001). Probable cause exists if the supporting affidavit sets forth facts from which a magistrate can reasonably infer that the accused is guilty of the indicated crime. *Clark*, 143 Wn.2d at 748; *State v. Jackson*, 111 Wn. App. 660, 677, 46 P.3d 257 (2002), *aff'd*, 150 Wn.2d 251, 76 P.3d 217 (2003). The magistrate's determination of probable cause will not be reversed absent an abuse of discretion. *Clark*, 143 Wn.2d at 748.

■ The affidavit of probable cause submitted by Officer Runge stated that Mr. Wahl had two outstanding arrest warrants, one for possession of methamphetamine and the other for driving with a suspended license. Officer Runge described his observations of Mr. Wahl's movements on the day of surveillance, movements that indicated Mr. Wahl had free access to the residences at 113 and 113 1/2 North Kent. Based on these facts, the magistrate could reasonably infer that Mr. Wahl was subject to arrest for the warrants and could be found at one of the above residences. Consequently, the affidavit is sufficient to support a search warrant for Mr. Wahl at the described sites.

Inexplicably, the form used for the search warrant was one for controlled substances. After stating that it appears to the undersigned judge that there is probable cause to believe that controlled substances violations are taking place on the described premises, the warrant orders the officers to enter the premises, search for Mr. Wahl, and take him into custody. The State offers no explanation for this incongruity, and Ms. Busig assigns no particular significance to it. Because Officer Runge's affidavit provides no basis for probable cause to search for controlled substances violations, the warrant is invalid for that purpose. But the affidavit did not propose to search for controlled substances, and there is no evidence in the record that the officers who executed the warrant searched for anything but Mr. Wahl. The affidavit accompanying the warrant clearly sets out probable cause to search for and arrest Mr. Wahl. Defects in a search warrant may be cured by reference to an affidavit attached to the warrant. *State v. Stenson*, 132 Wn.2d 668, 696, 940 P.2d 1239 (1997). Here, however, the warrant does not reference the affidavit and the record does not indicate whether the affidavit was attached.

■ It seems clear that the warrant as issued reflects a clerical error: the use of a warrant form that does not conform to the affidavit of probable cause. "[T]he crucial test of a search warrant is its basis in probable cause, not its hypertechnical adherence to a particular form." *State v.*

*Dodson*, 110 Wn. App. 112, 122, 39 P.3d 324, *review denied*, 147 Wn.2d 1004 (2002). We will invalidate a search warrant for ministerial or clerical error only if prejudice is shown. *State v. Wible*, 113 Wn. App. 18, 25-26, 51 P.3d 830 (2002). In light of Ms. Busig's failure to allege error in the execution of the original search warrant, and because the record indicates that the officers confined their search to the specified premises and to finding Mr. Wahl, we find no prejudice. Further, because the lower section of the warrant—from the typed-in references to the premises and Mr. Wahl down—conforms to the affidavit, that portion of the warrant is valid and severable from the inaccurate reference to controlled substances violations. *See State v. Cockrell*, 102 Wn.2d 561, 570, 689 P.2d 32 (1984) (warrant severable from portions that are invalid for lack of probable cause).

Even if valid on its face, the warrant is challenged by Ms. Busig as pretextual. She contends Officer Runge withheld information from the affidavit regarding his true motive: to search for evidence of narcotics violations. In Washington, an arrest may not be used as a pretext to conduct a warrantless search for evidence. *State v. Ladson*, 138 Wn.2d 343, 353, 979 P.2d 833 (1999). Ms. Busig argues that the reasoning of *Ladson* is applicable to this case. However, *Ladson* concerned the use by police of narrow exceptions to the warrant requirement as a pretext to search for evidence of other crimes. *Id.* at 356. In *State v. Goodin*, 67 Wn. App. 623, 626, 838 P.2d 135 (1992), Division Two held that the purpose of the pretext rule does not apply when there is a preexisting warrant. The officers in *Goodin* obtained a search warrant to look for a woman who had an outstanding arrest warrant. While executing the search warrant, the officers discovered controlled substances in plain view. The trial court found that the officers really wanted to search the residence for drugs but lacked probable cause. *Id.* at 625. Even so, the trial court did not suppress the evidence. *Goodin* affirmed, holding that the officers had authority to search and arrest on a valid

warrant, regardless of their subjective motives. *Id.* at 626-27.

Ms. Busig argues that *Goodin* has been supplanted by the reasoning in *Ladson*. However, a recent case from the Supreme Court supports the rule in *Goodin*. In *State v. Lansden*, 144 Wn.2d 654, 662, 30 P.3d 483 (2001), officers obtained a warrant to search for code violations. While executing the warrant, the officers saw evidence in plain view of the manufacture of methamphetamine. The defendant claimed that the warrant was a pretext to search for evidence of drugs. Rejecting the defendant's argument that *Ladson* controlled, *Lansden* held that when "a valid warrant is issued, the result reached in *Ladson* is not applicable, as the search in *Ladson* was warrantless." *Id.* Consequently the issue is now settled: "We decline to apply a pretext analysis to searches pursuant to a valid warrant." *Id.*

## GOVERNMENTAL MISCONDUCT

Ms. Busig next contends her case should have been dismissed under CrR 8.3(b) due to arbitrary action or governmental misconduct. She argues that Officer Runge's misstatements and incomplete information in the affidavit of probable cause caused the magistrate to issue a search warrant that led to an invasion of her home and prejudice to her case.

CrR 8.3(b) provides in part that "[t]he court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." Dismissal of charges under CrR 8.3(b) is an extraordinary remedy exercised only when the accused's rights to a fair trial have been materially affected. *State v. Marks*, 114 Wn.2d 724, 730, 790 P.2d 138 (1990).

Ms. Busig alleges that Officer Runge committed misconduct by withholding his true motive for the search warrant:

to search for evidence of methamphetamine manufacture. The operative question is whether inclusion of those facts would have affected the magistrate's finding of probable cause.

■■■ To invalidate a warrant for material omissions or misstatements, the accused must show deliberate material omissions or statements made in reckless disregard of the truth. *Clark*, 143 Wn.2d at 751. If the affidavit with the false material deleted or omitted material inserted remains sufficient to support a finding of probable cause, the warrant stands. *Id.* at 753; *State v. Garrison*, 118 Wn.2d 870, 873, 827 P.2d 1388 (1992). Here, the affidavit of probable cause provided specific information regarding Mr. Wahl's outstanding warrants and observation of his free access to various residences on Kent Street. Officer Runge's suspicion that methamphetamine was being manufactured in those residences and his desire to discover evidence of that activity had no bearing on the issuance of a search warrant to arrest Mr. Wahl on his outstanding warrants. Probable cause existed whether or not this information was included in the affidavit. Consequently, the officer's failure to include this information in the affidavit did not prejudice Ms. Busig and neither dismissal nor suppression of the evidence under CrR 8.3(b) was justified.

### TELEPHONIC AFFIDAVIT

■■■ For the first time on appeal, Ms. Busig challenges the second search warrant, a telephonic warrant based on evidence seen by officers in plain view while they were executing the original warrant. The probable cause basis for the second warrant was not called into question at the suppression hearing. Generally issues raised for the first time on appeal are not subject to review. *State v. McFarland*, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995). An exception to the general rule exists for claims of manifest error affecting a constitutional right. *Id.* at 333. The asserted error must be of true constitutional magnitude and must actually prejudice the defendant. *Id.*

 Under the Fourth Amendment, all searches and seizures must be based on probable cause. *State v. Fisher*, 145 Wn.2d 209, 220 n.47, 35 P.3d 366 (2001). Ms. Busig's contention that her residence was searched on the basis of a telephonic warrant that was not supported by probable cause is an alleged error of constitutional magnitude. However, prejudice is not evident in the record. Because the sufficiency of the telephonic affidavit to support probable cause to search was not discussed or examined at the suppression hearing, we have no determination by the trial court to review. *McFarland*, 127 Wn.2d at 333-34. We also have no indication whether the trial court would have granted a motion to suppress on this basis. As a result, Ms. Busig cannot show actual prejudice, the error is not manifest, and this issue is not reviewable on appeal. *Id.* at 334.

Affirmed.

KATO, A.C.J., and KURTZ, J., concur.

Review denied at 151 Wn.2d 1037 (2004).