208 P.3d 24 (2009)
CITY OF SEATTLE, Petitioner,
v.
The Honorable George W. HOLIFIELD, Seattle Municipal Court; Matthew Jacob; John Wright; and Jacob Culley, Respondents.
No. 61679-0-I.
Court of Appeals of Washington, Division 1.
May 26, 2009.
*25 Mary Eileen Lynch, Seattle Law Dept., Seattle, WA, for Appellant.
Andrew R. Elliott, Joshua S. Schaer, Law Offices of James Egan PLLC, Seattle, WA, Michael E. Harbeson, Attorney at Law, Lakewood, WA, for Respondent(s).
*26 LEACH, J.
¶ 1 This case addresses whether suppression of evidence is an available remedy under CrRLJ 8.3(b) and whether the prosecution may obtain a writ of review to correct errors of law made by a court of limited jurisdiction. We hold suppression of evidence is not an available remedy under CrRLJ 8.3(b). We also hold that the writ is available to correct errors of law and that the superior court erred in denying the writ. Therefore, we reverse.

Background
¶ 2 In 2008, respondents Matthew Jacob and Jacob Culley were each arrested and charged with driving while under the influence of alcohol (DUI). Each submitted to breath tests under RCW 46.20.308 and later moved to suppress the breath test results because Ann Marie Gordon, the former manager of the Washington State Toxicology Laboratory, was listed as one of the toxicologists who tested and certified the simulator solution used in their breath tests. Respondents alleged that Gordon had signed false and misleading simulator solution certifications, certifying that she had tested simulator external standard solutions that she had not in fact tested.[1]
¶ 3 The issue of misconduct in the state toxicology lab was litigated before the Seattle Municipal Court in City of Seattle v. Roger C. Kennedy.[2] Before a ruling was entered in Kennedy, the City and the respondents stipulated that the evidentiary ruling in Kennedy regarding Gordon's misconduct would apply to their cases.[3]
¶ 4 On March 11, 2008, the Honorable George W. Holifield entered an order in Kennedy on the defendants' motion, pursuant to CrRLJ 8.3(b), for an order dismissing their cases or, in the alternative, suppressing the results of their breath tests. This order suppressed all evidence of breath tests conducted with simulator solutions certified by Gordon. The municipal court concluded that the City could not establish compliance with RCW 46.61.506 for any breath test using a simulator external standard solution allegedly tested by Gordon. The municipal court ruled that where suppression of evidence will eliminate the prejudice caused by governmental misconduct, suppression is an appropriate alternative remedy to dismissal under CrRLJ 8.3(b).
¶ 5 The City sought a statutory writ of review in King County Superior Court, arguing that suppression of evidence is not an available remedy under CrRLJ 8.3. The superior court held that the municipal court's ruling was "clear legal error" but denied the writ. On May 22, 2008, a commissioner of this court granted an emergency stay of the criminal proceedings pending a decision on the City's motion for discretionary review. On July 14, 2008, a commissioner of this court granted discretionary review of the superior court's order denying the writ and the municipal court's order suppressing evidence. In granting discretionary review, the commissioner ordered that the earlier stay remain in effect until further order of this court.

Suppression Under CrRLJ 8.3(b)
¶ 6 We review a lower courts interpretation of a court rule de novo.[4] Court rules are interpreted using principles of statutory construction.[5] Language that is clear does not require or permit any construction.[6] *27 Where there is no ambiguity in a rule there is nothing for the court to interpret.[7]
¶ 7 CrRLJ 8.3(b) authorizes a court of limited jurisdiction to dismiss a criminal prosecution where governmental misconduct prejudices the rights of an accused:
The court, in the furtherance of justice after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.
CrRLJ 8.3(b) is clear and unambiguous. Dismissal is the sole remedy authorized by CrRLJ 8.3(b) for governmental misconduct.
¶ 8 Respondent Matthew Jacob argues that suppression is an available remedy for governmental misconduct under CrRLJ 8.3(b) despite the fact that the rule does not expressly allow it. However, none of the cases he cites holds that CrRLJ 8.3 or its superior court counterpart, CrR 8.3, authorizes suppression of evidence where there is no independent legal authority for suppression.
¶ 9 Jacob argues that suppression rather than dismissal is appropriate in all cases where suppression of evidence will eliminate any prejudice caused by governmental misconduct. In City of Seattle v. Orwick,[8] the defendant was denied access to counsel for approximately 12 hours, in violation of former court rule JCrR 2.11.[9] The trial court granted dismissal under CrR 8.3(b) based on governmental misconduct.[10] Our Supreme Court reversed because the defendant was not prejudiced by the governmental misconduct.[11] In dicta, the Court went on to say that "[d]ismissal is also unwarranted in cases where suppression of evidence may eliminate whatever prejudice is caused by an infringement of the right of access to counsel."[12] However, suppression is not authorized by CrR 8.3(b), but rather it is a common law remedy for denial of access of counsel.[13]
¶ 10 Our Supreme Court has also held that dismissal under CrRLJ 8.3(b) was not warranted where suppression was available to exclude evidence obtained by the government during an illegal search. In State v. Marks,[14] police officers exceeded the authorization in search warrants, conducting an illegal search in which they confiscated money and hundreds of items of property. Citing Orwick, the court stated that "[d]ismissal is unwarranted in cases where suppression of evidence may eliminate whatever prejudice is caused by governmental misconduct."[15] However, the authority to suppress evidence in Marks did not derive from CrRLJ 8.3 but from the common law remedy of "`denying the prosecution the fruits of its transgression'" where an illegal search or seizure has been conducted.[16] Thus, Marks does not support Jacob's argument that CrRLJ 8.3(b) provides an independent basis for suppression.
¶ 11 The common lesson from Orwick and Marks is that where suppression is available as a remedy and will eliminate the prejudice caused by governmental misconduct, dismissal under CrRLJ 8.3(b) is inappropriate. However, these cases do not hold that suppression is an alternative remedy to dismissal *28 under CrRLJ 8.3(b). In promulgating CrRLJ 8.3(b), the Supreme Court could have provided that a court may fashion an appropriate remedy to eliminate prejudice from governmental misconduct. However, the Supreme Court instead provided only that a court may dismiss a case if the accused has been prejudiced by governmental misconduct.[17]
¶ 12 Jacob further argues that State v. Busig[18] approves suppression as a remedy under CrRLJ 8.3(b). There, the defendant brought a pretrial motion under CrR 3.6 to suppress evidence because officers submitted a pretextual application for a search warrant, and the trial court denied the motion.[19] On appeal, the defendant also argued that her case should have been dismissed under CrR 8.3(b) due to governmental misconduct because a police officer gave misstatements and incomplete information in the affidavit of probable cause.[20] Division Three of this court held that a search conducted pursuant to a valid warrant could not be challenged as pretextual.[21] In addressing the defendant's argument that her case should have been dismissed due to governmental misconduct, the court concluded that "neither dismissal nor suppression of the evidence under CrR 8.3(b) was justified," because the warrant was supported by probable cause.[22] However, Busig did not address whether suppression was an available remedy for governmental misconduct under CrR 8.3(b) but rather addressed two separate issues: (1) whether suppression was appropriate under CrR 3.6 and the state and federal constitutions and (2) whether dismissal was appropriate under CrR 8.3(b). To the extent any statement in Busig purports to recognize suppression as a remedy under CrRLJ 8.3(b), it is dicta and not a correct statement of the law.
¶ 13 As discussed above, existing case law is consistent with our conclusion that dismissal should not be used as a remedy if suppression is available and will eliminate any prejudice caused by the misconduct. However, the ground for suppressing evidence must be an independent common law or statutory ground; it is not available under CrRLJ 8.3(b). Here, no independent ground for suppressing the breath test evidence was argued.
¶ 14 While this court may affirm on any ground supported by the record, we find no basis for affirming the municipal court's ruling in this case. The admissibility of breath test evidence is governed by RCW 46.61.506(4), which provides that breath test evidence is admissible if the prosecution produces prima facie evidence of eight factors regarding the accuracy of the test, delineated in subsection (4)(a). After this prima facie showing is made, all other challenges to the breath test evidence go to the weight of the evidence, not its admissibility.[23] Although the municipal court concluded that "the plaintiff cannot establish compliance with RCW 46.61.506 for any breath test which used a simulator external standard solution allegedly tested by" Gordon, its findings of fact do not support this conclusion. Moreover, Jacob does not argue that the City failed to make a prima facie showing under RCW 46.61.506(4).
¶ 15 A trial court may exclude breath test evidence if it fails to comply with rules of evidence.[24] However, Jacob does not argue that the breath test failed to comply with the rules of evidence. Jacob's only argument is that suppression was appropriate under CrRLJ 8.3(b). In its order, the municipal court relied only on CrRLJ 8.3(b) and Busig to suppress all breath tests conducted with simulator solutions allegedly tested by Gordon. We hold that the municipal court erred when it ordered suppression as an alternative *29 to dismissal under CrRLJ 8.3(b) without having an independent legal basis for suppressing the evidence.
¶ 16 Moreover, for Jacob to be entitled to any remedy, he must show prejudice. In Orwick, our Supreme Court held that the defendant was not entitled to dismissal or suppression because he was not prejudiced by the governmental misconduct.[25] The municipal court's findings do not support a conclusion that Jacob was prejudiced by the misconduct. The order simply concludes that "[t]he sheer magnitude of the misconduct in this case leads this court to conclude that the defendants' [sic] have demonstrated actual prejudice." However, the municipal court found that the practice in the state toxicology lab is to have every available analyst test each and every simulator solution so the analyst can testify in court about the preparation and certification of the simulator solution. The court also found that a minimum of three analysts must certify the solution. But the municipal court did not find that fewer than three analysts actually tested and certified the solution but only that Gordon and certain other employees in the toxicology lab had falsified simulator solution certifications. The findings of fact do not support the legal conclusion that Jacob was materially prejudiced by Gordon's failure to comply with protocols established by the state toxicologist. In order to show prejudice, Jacob must show that the simulator solution was not adequately certified. He has not.
¶ 17 In summary, suppression is not expressly authorized by CrRLJ 8.3(b) as an alternative to dismissal for governmental misconduct that materially prejudices a defendant. Here, the trial court erred by ordering suppression as an alternative to dismissal under CrRLJ 8.3(b) without having an independent legal basis for doing so.

Motion to Vacate Culley's Prosecution Disposition
¶ 18 On December 29, 2008, respondent Culley appeared for a pretrial hearing in municipal court. At that time, the City entered into a stipulation and order with Culley to continue his case for 24 months and to reduce the DUI charge to first degree negligent driving if Culley met certain conditions described in the agreement during that time. The stipulation and order was entered by Judge E. Durham in municipal court. A week later, on January 6, 2009, the City requested, and the municipal court granted, a hearing on its motion to vacate the agreement because it was a wrongful entry of a disposition contrary to the stay of proceedings. The motion to vacate was heard by the municipal court on January 22, 2009, and denied. On January 28, 2009, the City filed a motion in this court to enforce the May 22, 2008, stay of proceedings, which would effectively relieve the City from performing its agreement with Culley.
¶ 19 The City argues that the municipal court lacked authority to enter the December 29, 2008, order because of the stay of proceedings ordered by this court. RAP 7.2(a) provides:
Generally. After review is accepted by the appellate court, the trial court has authority to act in a case only to the extent provided in this rule, unless the appellate court limits or expands that authority as provided in rule 8.3.
Furthermore, RAP 7.2(e) applies to the authority of the trial court to modify a judgment or a motion after the appellate court has accepted review.[26] It provides in part:
If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision. A party should seek the required permission by motion.
The municipal court's entry of the stipulation and order continuing the prosecution and amending the charges made this court's review of Judge Holifield's order moot as to Culley.
*30 ¶ 20 The City entered an agreement with Culley to continue his case and amend the charges in exchange for Culley stipulating to certain conditions, including the admissibility of all evidence against him. The City asserts that the order incorporating its agreement should be vacated because the attorney who appeared on behalf of the City at the pretrial hearing and made the agreement with Culley was not the attorney of record and was not authorized to make the agreement with Culley. In our view, it would not promote justice to allow the City to rescind an agreement it reached with a defendant who negotiated in good faith with an attorney representing the City at a hearing the defendant was required to attend. Whether a prosecutor appearing on behalf of the City negotiates an agreement with a particular defendant is entirely within the City's control.
¶ 21 We agree that one of the parties should have obtained permission from this court before the trial court formally entered the stipulation and order. However, we construe the Rules of Appellate Procedure liberally to promote justice and may waive or alter those rules in order to serve the ends of justice.[27]
¶ 22 Under these circumstances, we do not believe the ends of justice are served by relieving the City from its obligations under the agreement it made with Culley. We therefore deny the City relief from the stipulation and order, which is dispositive of Culley's case.

Availability of Writ of Review
¶ 23 The City argues that the superior court erred in denying its petition for a writ of review. We agree.
¶ 24 The writ may be granted only when an inferior tribunal has exceeded its jurisdiction or acted illegally and there is no adequate remedy at law. RCW 7.16.040 provides:
A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.
The superior court may grant a writ of review only if (1) the municipal or district court exceeded its jurisdiction or acted illegally and (2) there is no appeal or adequate remedy at law.[28] Unless both elements are present, the superior court has no jurisdiction for review.[29]
¶ 25 Here, the superior court's ruling denying the writ is ambiguous. The court stated, "Motion for Writ of Review is Denied. The Court finds that trial court's ruling is a clear legal error. The City has failed to meet its burden." It is unclear what burden the superior court believed the City failed to meet. Either the superior court erroneously believed the trial court's clear legal error was insufficient to satisfy the first prong of RCW 7.16.040 or the superior court believed that the City failed to show it did not have another adequate remedy at law.
¶ 26 As discussed above, the trial court acted illegally when it ordered suppression under CrRLJ 8.3(b). Thus, the first element of RCW 7.16.040 has been met. Jacob argues that under Commanda v. Cary,[30] the writ was properly denied because the trial court's error was "a merely erroneous ruling... not an act in excess of the court's jurisdiction."[31] However, as we stated in City of Seattle v. Keene,[32] our Supreme Court in Commanda made this statement in the context of describing the City's arguments *31 against the writ, and the court did not address the question of reviewability of errors of law.[33] Rather, Commanda held that the writ did not lie because a RALJ appeal was an adequate remedy at law. In Keene, we addressed the issue squarely and held that a statutory writ of review is available to the prosecution to correct errors of law.[34] Indeed, in Keene we held that the sole purpose of a writ of review is to correct errors of law.[35]
¶ 27 Jacob also argues that the City has other remedies at law and thus fails to satisfy the second prong of the writ statute. He first argues that the City failed to pursue an available remedy of direct appeal under RALJ 2.2. However, a direct appeal under RALJ 2.2 was not available here because the City concedes that it could have proceeded to trial without the breath test evidence. RALJ 2.2(c)(2) allows direct appeal from "[a] pretrial order suppressing evidence, if the trial court expressly finds that the practical effect of the order is to terminate the case." Here, as in Keene, the City could not have sought a finality ruling under RALJ 2.2 in good faith because the City could proceed to prosecute respondents without the breath test evidence.[36] Thus, direct appeal under RALJ 2.2 was not an available remedy.
¶ 28 Jacob next argues that to go forward without the breath test evidence is a "plain, speedy, and adequate remedy available to the City. However, going forward with the prosecution is not a remedy" because it affords the City no opportunity to correct the trial court's error of law. If the City were to prevail, it would have no right to appeal the trial court's error because a party has no right to directly appeal from a favorable verdict.[37] If the City were not to prevail, it still could not appeal because it has no right to appeal a verdict of not guilty.[38] Furthermore, at oral argument the City asserted that, if admitted, the breath test evidence would show that Jacob had a blood alcohol level of more than 0.15, warranting an enhanced penalty under RCW 46.61.5055(b). Without the breath test evidence, the City cannot show that the increased penalty is warranted.
¶ 29 Finally, Jacob argues that there are other adequate remedies available to the City that cannot be ascertained on the record before this court, although he fails to suggest what those remedies may be. In Keene, the superior court held that the City was not without a remedy because it could cross-appeal the trial court's evidentiary rulings if the defendant were to be found guilty and appeal.[39] We held that the likelihood of an opportunity for cross-appeal could not be discerned on the record before us because we could not evaluate the strength of the City's case on the alternate prong referenced by the court, and the availability of an adequate remedy other than the writ was unclear.[40] Here, however, even that remedy would not address the enhanced sentencing issue raised by Jacob's alleged elevated breath test result. Therefore, no scenario has been hypothesized where the City can be afforded an adequate remedy if a writ of review is denied.
¶ 30 Because the writ of review is the only speedy and adequate mechanism for reviewing the trial court's error that is available to the City, we hold that the superior court erred in denying the writ.

Conclusion
¶ 31 The stay of proceedings previously ordered by this court is lifted and this matter *32 is reversed and remanded for further proceedings consistent with this opinion.
WE CONCUR: SCHINDLER, C.J., and APPELWICK, J.
NOTES
[1] A simulator external standard solution is a solution containing a known alcohol vapor concentration; it is used as part of the breath test protocol to ensure the accuracy of the breath analysis instrument. WAC 448-16-030, -050. See also 13A SETH A. FINE & DOUGLAS ENDE, WASHINGTON PRACTICE: CRIMINAL LAW § 808, at 154-57 (1998 & Supp.2008).
[2] Seattle Municipal Court, No. 496912.
[3] Although the stipulation is not on the record before this court, the parties conceded this fact at oral argument.
[4] Spokane County v. Specialty Auto & Truck Painting, Inc., 153 Wash.2d 238, 244, 103 P.3d 792 (2004).
[5] Specialty Auto, 153 Wash.2d at 249, 103 P.3d 792.
[6] State v. Azpitarte, 140 Wash.2d 138, 140-41, 995 P.2d 31 (2000).
[7] State v. Hutchinson, 111 Wash.2d 872, 877, 766 P.2d 447 (1989).
[8] 113 Wash.2d 823, 784 P.2d 161 (1989).
[9] Orwick, 113 Wash.2d at 831-32, 784 P.2d 161.
[10] Orwick, 113 Wash.2d at 826, 784 P.2d 161.
[11] Orwick, 113 Wash.2d at 831-32, 784 P.2d 161.
[12] Orwick, 113 Wash.2d at 831, 784 P.2d 161 (citing United States v. Morrison, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981)).
[13] See Orwick, 113 Wash.2d at 831, 784 P.2d 161; City of Spokane v. Kruger, 116 Wash.2d 135, 146-47, 803 P.2d 305 (1991) (holding that the proper remedy for violation of the right to counsel under former court rule JCrR 2.11 was suppression of any evidence obtained after the violation).
[14] 114 Wash.2d 724, 790 P.2d 138 (1990).
[15] Marks, 114 Wash.2d at 730, 790 P.2d 138.
[16] Marks, 114 Wash.2d at 730, 790 P.2d 138 (quoting Morrison, 449 U.S. at 366, 101 S.Ct. 665).
[17] CrRLJ 8.3(b).
[18] 119 Wash.App. 381, 81 P.3d 143 (2003).
[19] Busig, 119 Wash.App. at 386, 81 P.3d 143.
[20] Busig, 119 Wash.App. at 389, 81 P.3d 143.
[21] Busig, 119 Wash.App. at 388-89, 81 P.3d 143.
[22] Busig, 119 Wash.App. at 390, 81 P.3d 143.
[23] RCW 46.61.506(4)(c).
[24] City of Fircrest v. Jensen, 158 Wash.2d 384, 398-99, 143 P.3d 776 (2006). See also Ludvigsen v. City of Seattle, 162 Wash.2d 660, 681-82, 174 P.3d 43 (2007) (Madsen, J., concurring).
[25] Orwick, 113 Wash.2d at 831, 784 P.2d 161.
[26] State ex rel. Shafer v. Bloomer, 94 Wash.App. 246, 250, 973 P.2d 1062 (1999).
[27] RAP 1.2(a), (c).
[28] RCW 7.16.040.
[29] Commanda v. Cary, 143 Wash.2d 651, 655, 23 P.3d 1086 (2001).
[30] 143 Wash.2d 651, 23 P.3d 1086 (2001).
[31] Commanda, 143 Wash.2d at 656, 23 P.3d 1086 (citing State v. Epler, 93 Wash.App. 520, 524, 969 P.2d 498 (1999)).
[32] 108 Wash.App. 630, 31 P.3d 1234 (2001).
[33] Keene, 108 Wash.App. at 643, 31 P.3d 1234.
[34] Keene, 108 Wash.App. at 639-40, 31 P.3d 1234.
[35] Keene, 108 Wash.App. at 639-40, 31 P.3d 1234.
[36] See Keene, 108 Wash.App. at 644, 31 P.3d 1234.
[37] RALJ 2.1, 2.2.
[38] RALJ 2.2(c)(1).
[39] Keene, 108 Wash.App. at 644, 31 P.3d 1234.
[40] Keene, 108 Wash.App. at 644-45, 31 P.3d 1234.