[No. 55991–1.   En Banc.   January 25, 1990.]

*In the Matter of the Marriage of* JOHN MICHAEL
SACCO, *Respondent, and* LYNN MARIE
SACCO, *Appellant.*

*Maltman, Weber, Reed, North & Ahrens,* by *Douglass A. North* and *Douglas W. Ahrens,* for appellant.

*Steven J. Fields,* for respondent.

*Caroline D. Davis* on behalf of Northwest Women's Law Center, amicus curiae for appellant.

UTTER, J.—The trial court, in a dissolution action between John Michael and Lynn Marie Sacco, entered a decree granting the dissolution, approved an agreed parenting plan, and ordered child support for the couple's three children. On appeal to this court Lynn Sacco contends, among other claims, that the trial court failed to comply with the standards set forth in RCW 26.19.020 in calculating the child support award. *See generally* Laws of 1988, ch. 275, codified at RCW 26.19.001–.060 and scattered sections of the code. These standards require the use of a standard child support calculation using a worksheet developed by the Washington State Child Support Schedule Commission (the Commission) and adopted by the Legislature. We agree and remand the case for retrial.

On July 24, 1987, John Michael Sacco filed a petition for dissolution of his marriage with Lynn Marie Sacco. The court granted the dissolution. The parties' three children were 7, 5, and 3 at the time of the trial. Mr. Sacco earns approximately $1,979 per month from his job in the family grocery store.

Mrs. Sacco has a B.S. degree in child development. She works 15 hours per week earning $5.50 an hour. The trial court found that her "abilities, experience and education" showed that "she can earn many times more than what she is earning." Finding of fact 12. It further found that "Mrs. Sacco can earn no less than $754 per month take home pay . . .". Finding of fact 13.

Theresa Sacco, John Sacco's mother, has provided free child care both before and after John's separation from Lynn. She has made herself available to provide additional child care at no cost. The trial court found that Theresa Sacco would be an excellent caretaker for the children.

The court ordered John Sacco to pay $450 per month in child support to Lynn Sacco, but awarded no money for child care services. Conclusions of law 5, 6. The trial court did not fill out a worksheet in calculating the child support award. Neither its conclusions of law nor its decree expressly declare that it is deviating from a standard calculation using the worksheets.

The dispositive issue in this case is whether the trial court must fill out a worksheet and discuss the results of the standard calculation in its decree.

In 1988, the Legislature adopted a new statewide child support schedule. This statute aimed to increase the equity and adequacy of child support orders. RCW 26.19.001(1), (2). It also sought to reduce "the adversarial nature" of child support proceedings "by increasing voluntary settlements as a result of the greater predictability achieved by a uniform state–wide child support schedule." RCW 26.19-.001(3).

The Legislature established a commission to develop updated child support guidelines and worksheets, and the Legislature required filing of worksheets which previously were optional. RCW 26.19.020(4). That statute provides that "[v]ariations of the worksheets shall not be accepted." Each child support order is required to "state the amount of child support calculated using the standard calculation and the amount of child support actually ordered." RCW 26.19.020(6).

The trial court neither filled out a worksheet nor entered the results of the worksheet in the order. Counsel argued that inasmuch as each party submitted a worksheet, this was all that was required under the statute. We categorically reject this claim. The thrust of the statute is to

require the court to set forth the basis for its calculations in order for subsequent courts to determine precisely what the underlying facts are and how the trial court reached its decision. This process should promote more predictability, more consistent awards, and, hence, more voluntary settlements.

Respondent argues that the inability of the trial court to ascertain Lynn Sacco's income makes filling out the worksheet impossible. The testimony presented no insuperable obstacle. The trial court ascertained Lynn Sacco's income and determined she was working approximately 15 hours a week at $5.50 per hour. The difficulty faced by the trial court was a difficulty inherent in determining what her income would have been had she been employed full time.

The problem of voluntary underemployment was considered by the Commission in detail. Its report to the Legislature explained that when there is a determination of voluntary underemployment or voluntary unemployment of a parent, an income should be imputed as if that parent were employed at the level at which the parent is capable and qualified. Washington State Child Support Schedule Commission, Report to the Legislature (Nov. 1987), at 16–17. The trial court made findings of fact imputing income to Mrs. Sacco. Its doubt about the accuracy of its figures does not make filling out a schedule impossible.

Both parties agree that the amount approved by the trial judge is less than the amount which a standard calculation would have indicated. The statute does not forbid variations from the result dictated by the worksheet. The standard calculation is only presumptively correct, and the trial court may deviate from the calculation under some circumstances. The statute provides: "Unless specific reasons for deviation are set forth in the written findings of fact or order and are supported by the evidence, the court . . . shall order each parent to pay the amount of child support determined using the standard calculation." RCW 26.19-.020(5).

The trial judge, in his conclusions of law, indicated he took six different factors into consideration in reaching his conclusion. These were: (1) the husband's take–home pay; (2) the wife's voluntary underemployment; (3) the wife's ability to earn many times more than she is presently earning; (4) the inability of the court to accurately ascertain the amount of take–home pay which the wife is able to earn; (5) the needs of the children; and (6) the fact that the father actually has the children for some of the year under the parenting plan approved by the court. These explanations were not offered as "specific reasons for deviation" from the standard child support calculation. RCW 26.19.020(5).

The parties raise other objections to a number of claimed errors by the trial court. There was a disagreement about whether the judge should have provided a residential schedule adjustment reducing the noncustodial parent's support obligation when he has the children for more than 25 percent of the year. Mrs. Sacco also challenges the court's failure to award child care expenses, attacking its justification for failing to do so on the basis that Mrs. Sacco's mother–in–law is available for child care. The court advised Mrs. Sacco to avail herself of the free child care and thereby justified awarding no money for child care expenses.

Lacking a worksheet in the form required by the statute and specific reasons for deviation from that worksheet, it would serve no purpose to address these issues and others raised by Mrs. Sacco. On remand, the evidence will be considered anew, the statutory procedures followed, and calculations made from these procedures which will enable the issues addressed by the parties to be more clearly resolved in the form required by the Legislature.

We deny Mrs. Sacco's request for attorney fees because she raised this issue in the reply brief, not the opening brief. *See* RAP 10.3(c). This court does not consider issues raised for the first time in a reply brief. The order of the Superior Court is reversed and the matter

remanded for trial pursuant to the procedures specified in Laws of 1988, ch. 275.

CALLOW, C.J., BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., and WIELAND, J. Pro Tem., concur.