
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SEVEN HILLS, LLC, a Washington limited liability company; and WATER WORKS PROPERTIES, LL, a Washington limited liability company, | ) ) ) ) ) | No. 36439-9-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| CHELAN COUNTY, a municipal corporation, | ) ) ) ) | |
| Respondent. | ) | |

KORSMO, J. — Seven Hills LLC appeals from a citation issued for operating

without appropriate permits and manufacturing marijuana in violation of respondent

Chelan County's ban on cannabis production. Concluding that Seven Hills[1] did not

establish it had a valid non-conforming use, we affirm.

FACTS

Voters in this state approved Initiative 502 in late 2012, effectively

decriminalizing many aspects of marijuana production and use. Chelan County imposed

---

[1] Another appellant is Water Works Properties LLC, the owner of the land that Seven Hills uses. We collectively refer to both appellants as Seven Hills.

a temporary moratorium on the siting of marijuana facilities in late September 2015, and

permanently prohibited marijuana production and processing in unincorporated Chelan

County on February 9, 2016.

After checking with county officials in late 2014 that there were no existing

county marijuana-related restrictions, Seven Hills began preparing to develop marijuana

production and processing facilities on land owned by Water Works Properties near

Malaga.  It also sought a license from the Washington State Liquor and Cannabis Board

(WSLCB).[2]  During 2015, Seven Hills made application with the county for various

projects related to the land it was developing, including inquiries about requirements for

steel greenhouses and soft-sided temporary greenhouse structures, fencing around the

property, and installation of propane tanks to heat the greenhouses.  The parties dispute

whether Chelan County was ever advised of the nature of the agricultural development

Seven Hills was pursuing.[3]  WSLCB issued a license to Seven Hills to produce and

process marijuana on January 26, 2016, two weeks before Chelan's permanent ban, and

nearly four months after the temporary moratorium.

---

[2] The former Washington State Liquor Control Board changed its name in July 2015.  We refer to it by its current name throughout this opinion for convenience.

[3] For instance, Seven Hills alleged in a declaration that the WSLCB notified Chelan in February 2015, that Seven Hills had made an application to produce marijuana in the county.  Chelan denied ever receiving word from WSLCB.

2

Among its development projects, Seven Hills received a permit in May 2015, to build an eight foot fence around the property. It also built soft-sided temporary greenhouses heated by propane. The county authorized the installation of five propane tanks on November 30, 2015, subject to final approval after installation was completed. Seven Hills never sought final approval.

A code enforcement officer visited the property in July 2016, and observed seven grow structures in operation. The Chelan County Department of Community Development issued Seven Hills a notice of four violations on September 9, 2016:

1) Production and/or Processing of Marijuana or Cannabis in Violation of Chelan County Resolution 2016-014.
2) Unpermitted Buildings in Violation of IBC [International Building Code] [2012] section 105.
3) Operation of a Propane Tank in Violation of Building Permit No. 150687 and the International Fire Code (IFC) [2012] [A]105.3.3.
4) Maintaining a Nuisance in Violation of CCC [Chelan County Code] 16.02.030.

Clerk's Papers (CP) at 56-58. The unpermitted buildings violation involved seven 30 foot by 80 foot temporary greenhouse structures, while the propane violation involved the failure to get final approval to operate the propane tanks.

Chelan County ordered Seven Hills on March 24, 2017, to cease marijuana production and processing, and remove all plants, growing structures, and propane tanks from the premises. The county hearing examiner affirmed the order, as did the superior court.

3

No. 36439-9-III
*Seven Hills, LLC, et al v. Chelan County*

Seven Hills timely appealed to this court. A panel heard oral argument of the case.

ANALYSIS

Although the appeal raises challenges to the administrative process involved, the primary issue concerns whether Seven Hills had a vested right to produce marijuana because it was already operating legally before the moratorium. After briefly noting the procedural challenges, we turn to the vested nonconforming use argument.

*Administrative Hearings*

Seven Hills questions the assignment of the burden of proof as well as the adequacy of the hearing examiner's legal conclusions, claiming that they lack citation support. Neither of these concerns need be addressed in detail.

The Chelan County Code assigns the burden of proof to the person appealing a notice of violation to the county hearing examiner. Chelan County Code 14.12.010(2)(c).[4] Seven Hills contends that due process of law requires that the county, not it, bear the burden of proof. While that argument is interesting in the abstract, it is of no moment here. Seven Hills assigns no error to any finding of fact, nor does it suggest that the burden of proof mattered in this case. Indeed, the sole substantive issue in this case—whether Seven Hills began marijuana production before the county law changed to

---

[4] The final sentence of this provision reads: "The appellant shall have the burden of proving the decision is erroneous."

4

prevent it—was one on which it bore the burden of proof. Whether the county needed to do more to establish the violations of the code is a side issue that is not determinative on any significant issue.

Even less discussion is necessary concerning the hearing examiner's citation usage. When "a determination is made by a process of legal reasoning from, or interpretation of the legal significance of, the evidentiary facts," we label it a conclusion of law. *Goodeill v. Madison Real Estate*, 191 Wn. App. 88, 99, 362 P.3d 302 (2015) (*quoting Moulden & Sons, Inc. v. Osaka Landscaping & Nursery, Inc.*, 21 Wn. App. 194, 197 n.5, 584 P.2d 968 (1978)). We review conclusions of law de novo. *Robel v. Roundup Corp.*, 148 Wn.2d 35, 42, 59 P.3d 611 (2002).

We know of no authority requiring conclusions of law to bear legal citations, although the hearing examiner did cite to the relevant county code provisions in his ruling. More importantly, any legal citations are largely irrelevant to our review. The appellate court determines whether a conclusion of law is appropriate. While the hearing examiner's conclusions of law are informative, they are not binding on this body nor carry any legal significance to our decision. The form in which they were set forth by the hearing examiner certainly had no bearing on our review of this case.

The two noted challenges are without merit.

*Nonconforming Use*

The one substantive issue is whether or not Seven Hills had established it was operating its production business as a nonconforming use prior to the moratorium.[5] We agree it did not.

"The right to continue a nonconforming use despite a zoning ordinance which prohibits such a use in the area is sometimes referred to as a 'protected' or 'vested' right." *Rhod-A-Zalea & 35th, Inc. v. Snohomish County*, 136 Wn.2d 1, 6, 959 P.2d 1024 (1998). "A nonconforming use is a use which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance, although it does not comply with the zoning restrictions applicable to the district in which it is situated." *Id.*; *see also* Chelan County Code 14.98.1300. "The landowner bears the burden of establishing that a valid nonconforming use exists." *McMilian v. King County*, 161 Wn. App. 581, 591, 255 P.3d 739 (2011).

Marijuana production still is largely illegal except when manufactured in compliance with the strictures of the WSLCB and our statutes. RCW 69.50.325-69.50.395. As relevant to this action, the marijuana production statute provides that it is

---

[5] In its reply brief, Seven Hills attempted to raise an estoppel argument against the county. We do not consider issues raised for the first time in a reply brief. *Sacco v. Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990); RAP 10.3(c). We also note that estoppel arguments raised against the government are not favored. *Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 743, 863 P.2d 535 (1993).

not a crime or civil offense for "a validly licensed marijuana producer" to produce marijuana within the amounts authorized by the WSLCB. RCW 69.50.366(1). No licensee may "exercise any of the privileges of a marijuana license until" approved by the WSLCB. WAC 314-55-015(4). In light of this statutory scheme, we do not believe that anyone could have a valid right to produce marijuana prior to the time the WSLCB authorized the activity. Here, Seven Hills did not obtain a valid license to produce marijuana until January 26, 2016. Since the county's temporary moratorium was in place at that time, there could be no valid nonconforming use at that time. Seven Hills' argument fails under the statute.

Moreover, even if it could prepare to grow marijuana without a license from the WSLCB, Seven Hills did not establish a nonconforming use from its site preparation actions. It relies on its fence-building and the construction of the temporary greenhouses as evidence that it had begun production.[6] It also points to the permit for, and installation of, the propane tanks needed to heat the greenhouses. This latter claim fails because Seven Hills never obtained the final inspection necessary to obtain the permit to lawfully operate the tanks. Unlawfully operating a greenhouse without the necessary permits to do so simply does not establish a lawful use.

---

[6] There is no evidence that any marijuana plants were produced on the location prior to the issuance of the state license.

7

The former claims fail, too. Erecting a fence does not establish one is producing marijuana. Constructing a temporary greenhouse likewise does not establish lawful production of marijuana. On this topic, the State Building Council has already weighed in. The Council adopts and maintains the State Building Code. RCW 19.27.074(1)(a). It also has authority to issue opinions relating to the Building Code. RCW 19.27.031 (final clause); WAC 51-04-060. Temporary growing structures are not operated year round and do not include structures used to grow marijuana:

> The [temporary growing structure] exception applies only to temporary structures, with a flexible temporary covering used for passive retention of heat and protection of plants from frost. For structures used year round and provided with other services and structural elements other than those addressed in WAC 51-50-007, this exception would not apply. In addition, RCW 82.04.213 states that marijuana is not considered an agricultural product which would not classify it as an ornamental plant, flower, vegetable, or fruit.

State Building Code Interpretation 15-04.

Thus, the construction of the temporary greenhouses by Seven Hills could not constitute lawful production of marijuana and did not establish a nonconforming use of the property. Seven Hills has failed to demonstrate that it was lawfully operating a marijuana production facility before the county enacted its original moratorium. The evidence supported each of the four violations.

The preparation to farm a location is not the same act as growing a crop. Seven Hills could not use, and actually was not using, its location to produce marijuana prior to

the initial moratorium. Accordingly, the hearing examiner and the superior court did not err in upholding the notices of violation.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.