

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38057-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAMUEL MADRIGAL-SANTANA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Samuel Madrigal-Santana assaulted his girlfriend, Ms. R., in violation of a valid domestic violence no-contact order by physically preventing her from leaving in her vehicle. During the confrontation, he placed a small knife on the dashboard, saying "don't make me do it," and later held it to Ms. R's throat. After a bench trial, he was found guilty of second degree assault with a deadly weapon, felony violation of a domestic violence no contact order, and possession of a controlled substance. Mr. Madrigal-Santana appeals arguing that his drug possession conviction is void. He also contends that the charging document was defective and the evidence was insufficient to support the trial court's finding that he used a deadly weapon. Finally, he contends that his offender score was miscalculated and his attorney was constitutionally ineffective for failing to make sentencing objections.

Mr. Madrigal-Santana is correct that his drug possession conviction is void and the conviction for that charge is reversed in light of *Blake*.[1] Otherwise, we affirm his convictions for felony violation of a no-contact order and second degree assault, and remand for resentencing.

BACKGROUND

On March 21, 2020, Mr. Madrigal-Santana and Ms. R. were in a dating relationship and a valid domestic violence no-contact order prohibited him from having any contact with her. Mr. Madrigal-Santana was aware of and had signed the order. In violation of the order on that day, Mr. Madrigal-Santana was a passenger in Ms. R.'s car.

At some point, Ms. R. pulled over. When she tried to continue driving Mr. Madrigal-Santana prevented her from doing so by placing the vehicle in park and placing his leg over hers to push the brake. Ms. R. testified that Mr. Madrigal-Santana started "flipping out," took out a pocket knife and held it on the car's dashboard so she could see it. Although she testified that it was dark, she recognized the knife. She then felt him hold it to her throat for "more than just a few seconds" and he said "Don't make me do it." Report of Proceedings (RP) (Jan. 26, 2021) at 30-31.

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

Ms. R. used an emergency feature on her cell phone to call 911, and when Mr. Madrigal-Santana realized it, he exited the vehicle. Ms. R. sustained scratches on her arm from this incident caused by Mr. Madrigal-Santana.

Chelan County charged Samuel Madrigal-Santana with (Count I) assault in the second degree–domestic violence, (Count II) felony violation of a court order–domestic violence, (Count III) unlawful possession of a controlled substance–methamphetamine pursuant to RCW 69.50.4013(1), and (Count IV) felony harassment–domestic violence, and witness tampering.

Mr. Madrigal-Santana waived his right to a jury trial and the case went to bench trial. He stipulated to the admission of the no-contact order, which prohibited him from contacting Ms. R. Ms. R. testified that Mr. Madrigal-Santana held a knife to her throat. Audio recording from 911 corroborated Ms. R's testimony and fear, which the trial court found credible.

Mr. Madrigal-Santana denied having a knife that day, and testified that they argued so he put his leg over hers to hit the brake so he could get out of the car. Mr. Madrigal-Santana testified that he was convicted of robbery in 2010 and lying to the police in 2019. The court found that the "knife was readily capable of causing death or substantial bodily harm in the circumstances in which it was used." Clerk's Papers (CP) at 47. For the purposes of elevating the no-contact order violation to a felony, the court found that Mr. Madrigal-Santana "intentionally engaged in harmful or offensive contact

3

in preventing Ms. [R.] from driving away by pressing his leg on her leg to press the brake pedal of the vehicle, thereby intentionally assaulting [Ms. R.]" CP at 48. The court considered the leg contact to stop the vehicle fourth degree assault.

Based on these findings, the trial court found Mr. Madrigal-Santana guilty of assault second degree–domestic violence, felony violation of a domestic violence no contact order, and unlawful possession of a controlled substance–methamphetamine. For Counts I and II the court made a special finding of domestic violence–intimate partner, pursuant to RCW 26.50.110. The court imposed a sentence of 75 months custody and 30 months community custody. Mr. Madrigal-Santana timely appealed.

ANALYSIS

Mr. Madrigal-Santana challenges his conviction for possession of a controlled substance. The State concedes that the conviction is void following the Supreme Court's decision in *Blake*. We accept this concession and reverse the conviction for this charge.

Next, Mr. Madrigal-Santana argues that the charging document was constitutionally deficient. Initially he argued that recent amendments to the fourth degree assault statute created new elements that must be included in a charge of felony violation of a no-contact order. In his reply brief, Mr. Madrigal-Santana concedes that common law assault remains a viable alternative to support the charge. Nonetheless, he argues for the first time in his reply brief that the trial court's findings were insufficient to support common law assault because the court did not find Mr. Madrigal-Santana's contact was

4

unlawful.  We decline to address this late argument.  RAP 10.3(a), (c); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (issues raised for the first time in a reply brief are too late (citing *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990))).

In his third issue on appeal, Mr. Madrigal-Santana challenges the sufficiency of evidence to support the trial court's finding that Mr. Madrigal-Santana used a deadly weapon when he assaulted Ms. R.  Mr. Madrigal-Santana argues that the only description of the knife by Ms. R was that it was small and contained a flash.  She did not estimate the length of the knife and no knife was ever found.  Mr. Madrigal-Santana argues that Ms. R's description fails to clearly establish that the item held to her throat was a knife, and even if it was a knife, the evidence is insufficient to show that it was a "deadly weapon" sufficient to support a conviction for second degree assault with a deadly weapon.

"Whether a person is armed is a mixed question of law and fact."  *State v. Mills*, 80 Wn. App. 231, 234, 907 P.2d 316 (1995).  Mr. Madrigal-Santana's challenge to the sufficiency of the evidence is a question of fact.  In reviewing this challenge, we consider the facts in a light most favorable to the State to determine if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *State v. Ortiz*, 119 Wn.2d 294, 311-12, 831 P.2d 1060 (1992) (quoting *State v. Bingham*, 105 Wn.2d 820, 719 P.2d 109 (1986).  Whether the facts meet the legal definition of a

"deadly weapon" is a question of law we review de novo. *State v. Schelin*, 147 Wn.2d 562, 566, 55 P.3d 632 (2002).

Mr. Madrigal-Santana was charged with second degree assault with a deadly weapon in violation of RCW 9A.36.021(1)(c). For purposes of this crime, a "deadly weapon" includes per se deadly weapons such as firearms and explosives. RCW 9A.04.110(6); *State v. Winings*, 126 Wn. App. 75, 87, 107 P.3d 141 (2005). The term also includes "any other weapon, device, instrument, article, or substance . . . as defined in this section, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm." RCW 9A.04.110(6). Weapons that fall under this second category are not per se deadly weapons and there must be evidence that the weapon was "readily capable of causing death or substantial bodily harm under the circumstances in which it is used." *Winings*, 126 Wn. App. at 87. "The circumstances of a weapon's use include the intent and present ability of the use, the degree of force, the part of the body to which it was applied, and the physical injuries inflicted." *Id.* at 88.

In finding of fact 2.8, the trial court found

The defendant was in possession of a pocket knife. The defendant placed the blade of the knife to her throat for more than a few seconds. The defendant held the knife on the dashboard pointed at her and said repeatedly, "Don't make me do it." The knife was readily capable of causing death or substantial bodily harm in the circumstances in which it was used.

6

CP at 47. Under these circumstances, even a small knife is readily capable of causing death or substantial bodily harm.

Mr. Madrigal-Santana argues that the evidence is insufficient to prove he even had a knife. He points out that Ms. R. described the knife as being small and containing a flash, and police never found a knife. He speculates that maybe it was not a knife but rather a penlight.

This argument fails to consider the evidence in a light most favorable to the State. Ms. R testified that Madrigal-Santana held a knife to her throat: a knife that she recognized as Mr. Madrigal-Santana's knife. She also testified that he placed the knife on the car's dashboard and pointed it in her direction. Taken in a light most favorable to the State, a judge could find from this evidence that Madrigal-Santana used a knife on Ms. R. The evidence was sufficient to support the trial court's finding that Madrigal-Santana assaulted Ms. R with a deadly weapon.

Madrigal-Santana raises two additional arguments related to his sentencing. He contends that his attorney was constitutionally ineffective for failing to object to the calculation of his offender score. Because we are remanding for a full resentencing, we decline to address these issues.

7

No. 38057-2-III
*State v. Madrigal-Santana*

CONCLUSION

We affirm the convictions for second degree assault and felony violation of a no-contact order.  We reverse Mr. Madrigal-Santana's conviction for possession of a controlled substance and remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Pennell, J.

_____
Siddoway, C.J.