**FILED**
**AUG 14, 2025**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JARED A. FRERICHS, | ) | No. 40552-4-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VIRGINIA R. COOPER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

FEARING, J. — Jared Frerichs files suit against his former wife, Virginia Cooper, despite a superior court previously entering an order precluding suit without advance approval from the court. Because Frerichs failed to obtain pre-suit authorization, we affirm the superior court's dismissal of the suit and grant Cooper reasonable attorney fees and costs on appeal.

## FACTS

The plaintiff Jared Frerichs and defendant Virginia Cooper are former husband and wife.

In December 2018, officials detained plaintiff Jared Frerichs in a mental health facility. During the commitment, law enforcement seized Frerichs' firearms, which remain in police custody today. During the 2020 marital dissolution action between Frerichs and Virginia Cooper, the superior court entered a restraining order based on a finding that Frerichs committed domestic abuse against Cooper. In 2021, the superior court entered a domestic violence protection order against Frerichs.

On January 25, 2023, the superior court, pursuant to RCW 26.51.070(6), granted Virginia Cooper an order to restrict abusive litigation prohibiting Jared Frerichs from filing, initiating, advancing, or continuing any litigation against Cooper until January 12, 2029, without first obtaining approval from the court. When granting the order, the superior court found that Frerichs pursued court actions primarily for the purpose of harassing, intimidating, or maintaining contact with Cooper.

## PROCEDURE

On September 18, 2023, Jared Frerichs filed this lawsuit against Virginia Cooper, alleging that she, along with her legal team, conspired to violate his constitutional rights by obtaining extreme risk protection orders that deprived him of his right to bear arms. In his complaint, Frerichs sought a declaration that Cooper violated, (1) his constitutional rights, (2) an order quashing a warrant presumably for his arrest, (3) damages for emotional distress, and (4) reimbursement for the loss of his firearms and home. In response to the complaint, Cooper filed the January 25, 2023, order to restrict abusive litigation.

On December 29, 2023, Jared Frerichs moved for summary judgment. On March 4, 2024, he filed a barely legible handwritten declaration accusing Virginia Cooper's counsel of manipulating information. Frerichs cited his disqualification from the U.S. Coast Guard Auxiliary as evidence of counsel's and the court's negative impact on his

life.  Frerichs also filed a pleading entitled a "motion status sheet" that complained the courts had failed to address multiple motions in various case numbers and alleged that opposing counsel refused to respond to his interrogatories due to a preoccupation with insignificant procedural matters.  Clerk's Papers (CP) at 35.

On April 9, 2024, Virginia Cooper's counsel submitted RCW 26.51.070 to the court with an outline of the procedural requirements for individuals subject to abusive litigation orders who seek to initiate new legal actions.  On April 12, 2024, the superior court denied Jared Frerichs' summary judgment motion due to his failure to obtain pre-filing permission under RCW 26.51.070(2) but stayed the order to allow him an opportunity to comply.

On May 20, 2024, Jared Frerichs filed a declaration titled "Complaint History," in which he claimed to be a victim of domestic violence and accused Virginia Cooper of repeatedly submitting false reports.  CP at 66.  Frerichs asserted that his firearm possession posed no threat to anyone.  He alleged that a "secret hearing" held on December 19, 2018, before a Spokane County Superior Court Commissioner, led to the issuance of an extreme risk protection order and the seizure of his firearms.   CP at 67.  Frerichs also included a copy of an administrative complaint he filed with the Spokane Police Department Internal Affairs Division that grieved that law enforcement targeted

him for personal and political reasons.  Frerichs speculated that Cooper maintained a romantic relationship with an SPD officer.

The superior court reviewed the case on June 12, 2024.  Jared Frerichs failed to appear.  The court concluded this lawsuit constituted abusive litigation.  The superior court wrote:

> Based on the laws of Washington and the persuasive authority of Federal and other jurisdictions, there is no basis in law for this action to be brought against Ms. Cooper, and this filing it is clearly being used as a mechanism of abusive litigation and domestic violence.  This litigation is part of the pattern of abusive litigation and domestic violence directed at Ms. Cooper by Mr. Frerichs.

CP at 54.  The superior court lifted the stay, dismissed the action with prejudice, and awarded attorney fees to Virginia Cooper for responding to the lawsuit.

LAW AND ANALYSIS

Abusive Litigation

On appeal, Jared Frerichs contends the superior court abused its discretion when denying him authorization to sue Virginia Cooper.  Frerichs erroneously argues that Spokane County Superior Court lacks venue for a 42 U.S.C. § 1983 claim.  Frerichs then oddly argues that the existence of federal jurisdiction renders his state court filing non-abusive.  He further asserts that the superior court erred when dismissing the suit because

his claims involve personal injury, defamation, reputational harm, and property loss.

Frerichs did not assign error to the sanctions imposed.

We review a trial court's decision to restrict a litigant's access to the courts for abuse of discretion. *Bay v. Jensen*, 147 Wn. App. 641, 657, 196 P.3d 753 (2008). A court abuses its discretion when its ruling rests on untenable grounds or is made for untenable reasons. *Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). The superior court did not act unreasonably when it ruled that Jared Frerichs filed suit as part of a broader pattern of abusive litigation rooted in domestic violence.

The Abusive Litigation Act (ALA) of 2020 authorizes trial courts to impose prefiling restrictions on parties who engage in abusive litigation. RCW 26.51.020(1)(a) considers "abusive litigation" as:

> (a)(i) The opposing parties have a current or former intimate partner relationship;
> (ii) The party who is filing, initiating, advancing, or continuing the litigation has been found by a court to have committed domestic violence against the other party pursuant to: (A) An order entered under chapter 7.105 RCW or former chapter 26.50 RCW; (B) a parenting plan with restrictions based on RCW 26.09.191(2)(a)(iii); or (C) a restraining order entered under chapter 26.09, 26.26A, or 26.26B RCW, provided that the issuing court made a specific finding that the restraining order was necessary due to domestic violence; and
> (iii) The litigation is being initiated, advanced, or continued primarily for the purpose of harassing, intimidating, or maintaining contact with the other party.

In 2023, the superior court found that Jared Frerichs had, (1) committed domestic violence against Virginia Cooper, (2) engaged in abusive litigation, and (3) had previously been sanctioned for filing pleadings deemed frivolous, vexatious, or made in bad faith. As a result, the court prohibited Frerichs from "filing, initiating, advancing, or continuing litigation against [Cooper] under any cause number" without first obtaining court approval. CP at 17. This order falls within the authority granted by the ALA.

Under RCW 26.51.070(3)(a), a person subject to a prefiling order must seek authorization from the issuing judicial officer before initiating any new litigation against the protected party. If the judicial officer determines that the proposed action would constitute abusive litigation, the court must deny authorization. RCW 26.51.070(c)(i).

Legal scholars have documented how abusers exploit the legal system to exert control over survivors of domestic violence. As one commentator explains, abusers often disguise themselves as victims in court filings, make false reports to child welfare and licensing agencies, and flood courts with excessive or frivolous pleadings designed to overwhelm, intimidate, and financially burden survivors and their counsel. Ashley Beeman, *The Need for More States to Adopt Specific Legislation Addressing Abusive Use of Litigation in Intimate Partner Violence*, 20 Seattle Just. for Soc. Just. 825, 832 (2022).

In his reply brief, Jared Frerichs attempts to challenge the 2023 order that declared him an abusive litigator. He maintains that the 2023 court denied him a full evidentiary

hearing required under RCW 26.51.040. Frerichs also asserts that ALA protects only "authentic victims" and Virginia Cooper obtained the order through material misrepresentations. CP at 3. Finally, he contends that the 2023 order unlawfully denied him access to the courts.

Jared Frerichs did not raise these arguments in his opening brief. This court does not consider contentions raised for the first time in a reply brief. *Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990). Moreover, Frerichs failed to appeal the 2023 order after its entry and cannot now mount a collateral challenge.

Attorney Fees

Virginia Cooper seeks sanctions and attorney fees incurred on appeal under CR 11 and RCW 26.51.060(2)(b). Under RAP 18.1, a party may recover reasonable attorney fees on appeal when authorized by contract, statute, or a recognized equitable basis, and the party substantially prevails. *Superior Court Judges v. Killian*, 195 Wn.2d 350, 363, 459 P.3d 1082 (2020). The ALA expressly permits an award of attorney fees and costs. RCW 26.51.060(2)(b). Because Cooper has prevailed on appeal, we grant her request for attorney fees and costs.

CONCLUSION

We affirm the superior court's dismissal of Jared Frerichs' suit. We award Virginia Cooper reasonable attorney fees and costs incurred on appeal.

7

No. 40552-4-III
*Frerichs v Cooper*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Murphy, J.

Staab, A.C.J.