
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40600-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY ROBERT FULKERSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, C.J. — For the second time, Anthony Robert Fulkerson appeals his exceptional sentence arising from 16 felony convictions for sexual offenses committed against his minor stepdaughters. In our prior decision, we remanded this case for the trial court to enter written findings of fact and conclusions of law in support of its exceptional sentence. *State v. Fulkerson*, No. 39372-1-III (Wash. Ct. App. May 16, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/393721_unp.pdf (*Fulkerson* I). On remand, the trial court entered written findings confirming the jury's special verdicts on multiple aggravating factors and concluded that those aggravators constituted substantial and compelling reasons for an exceptional sentence.

In this appeal, Fulkerson raises two issues: (1) whether his exceptional sentence violates the Sixth and Fourteenth Amendments to the United States Constitution because the jury did not find that the aggravating factors were also substantial and compelling reasons for an exceptional sentence, and (2) whether the trial court failed to comply with this court's remand order by entering written findings without conducting a new sentencing hearing. We disagree with his arguments and affirm.

## BACKGROUND

Fulkerson was charged with 16 felonies arising from sexual abuse of his minor stepdaughters. A jury convicted him of all counts. The jury also unanimously found, through special interrogatories, four aggravating circumstances for 12 of the counts that involved: (1) an ongoing pattern of sexual abuse over a long period of time, (2) aggravated domestic violence, (3) a destructive and foreseeable impact on other persons, and (4) Fulkerson using his position of trust to facilitate said offense. For 10 counts, the jury also found that Fulkerson and the victims were part of the same family household.

At sentencing, the court issued an oral ruling that an exceptional sentence was justified based on the aggravating factors found by the jury and based on the fact that some of Fulkerson's crimes would go unpunished under concurrent sentencing due to the high offender score. During its sentencing colloquy, the court explained its reasoning:

2

As far as a sentence, the Court has taken into account the aggravating factors, and although Mr. Fulkerson—it weighed in his favor was that he had no history, weighing against him was that his offender score, essentially, was so high because of what was charged and what he was found guilty, that it essentially would—a standard range sentence would result in a number of crimes, more or less, going unpunished. I have tried to take into account what I think is appropriate, based on all the circumstances, taking [in]to account the horrible facts and also some of the positives in Mr. Fulkerson's life. . .

And so, I realized that people wanted to put something that was higher, that potentially made no possibility of release. But based on the lack of previous history, I felt that that [sic] was a sufficient and an appropriate sentence.

Rep. of Proc. at 29, 31.

The court imposed exceptional sentences above the standard range for 5 of the 16 counts and also ran three of the counts consecutively, for a total of 300 months. The court failed to enter written findings and conclusions supporting its exceptional sentence.

Fulkerson appealed. We held, in part, that the record failed to satisfy the SRA's[1] requirement of written findings of fact and conclusions of law and remanded the case "for entry of written findings of fact and conclusions of law." Clerk's Papers (CP) at 142.

On remand, the sentencing court held a hearing pursuant to our mandate and remand order. At the hearing, the State presented the court with a draft of proposed findings and conclusions justifying its exceptional sentence. Before signing the proposed findings and conclusions, the court reiterated that its "rationale" from the sentencing

---

[1] Sentencing Reform Act of 1981, chapter 9.94A RCW.

3

hearing had not changed. Following the hearing, the court filed its written findings and conclusions. The court found that the jury returned the special verdicts described above and concluded based on those aggravating circumstances that "there are substantial and compelling reasons justifying an exceptional sentence in this case pursuant to RCW 9.94A.535." CP at 145.

Fulkerson timely appeals.

ANALYSIS

1. SUBSTANTIAL AND COMPELLING REASONS JUSTIFYING AN EXCEPTIONAL SENTENCE

Fulkerson argues his exceptional sentence violates the Sixth and Fourteenth Amendments because the jury did not find that each aggravating factor constituted a "substantial and compelling" reason to impose an exceptional sentence. He contends this determination is a factual finding that must be made by a jury, not the sentencing judge, relying primarily on a United States Supreme Court case *Hurst v. Florida*.[2] We disagree and continue to follow our prior decision on this exact issue.

The Sixth Amendment provides criminal defendants the right to a jury trial. This right, in conjunction with the due process clause of the Fourteenth Amendment, requires that each element of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 104, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (plurality

---

[2] 577 U.S. 92, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016).

4

opinion). Consistent with these rights, "any fact that 'expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict' is an 'element' that must be submitted to a jury." *Hurst*, 577 U.S. at 97 (alteration in original) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 494, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)).

Under Washington's SRA, imposition of an exceptional sentence above the standard range involves two distinct statutory steps. *State v. Johnson*, 29 Wn. App. 2d 401, 425, 540 P.3d 831, *review denied*, 2 Wn.3d 1035, 547 P.3d 899 (2024). First, the jury must unanimously find beyond a reasonable doubt the existence of one or more statutory aggravating factors alleged by the State. *See* RCW 9.94A.537(3). Second, if the jury has made such a finding, the sentencing court may impose an exceptional sentence "if it finds, considering the purposes of [the SRA], that the facts found are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.537(6); RCW 9.94A.535.

"The only permissible 'finding of fact' by a sentencing judge on an exceptional sentence is to confirm that the jury has entered by special verdict its finding that an aggravating circumstance has been prove[d] beyond a reasonable doubt." *State v. Sage*, 1 Wn. App. 2d 685, 709, 407 P.3d 359 (2017). "Then it is up to the judge to make the *legal, not factual*, determination whether those aggravating circumstances are sufficiently substantial and compelling to warrant an exceptional sentence." *Id.* (emphasis added). If the court concludes that an exceptional sentence is justified, it must enter written findings

of fact and conclusions of law. RCW 9.94A.535; *see also State v. Friedlund*, 182 Wn.2d 388, 394, 341 P.3d 280 (2015).

We review this issue de novo. *See State v. Dyson*, 189 Wn. App. 215, 224, 360 P.3d 25 (2015).

Fulkerson contends the determination of whether there are substantial and compelling reasons to impose an exceptional sentence is a factual finding that must be determined by the jury. However, *Sage* squarely rejects this exact argument.

In *Sage*, the jury returned special verdicts finding aggravating circumstances beyond a reasonable doubt. 1 Wn. App. 2d at 709. At sentencing, the court relied on those verdicts and the evidence in support of those verdicts to conclude that substantial and compelling reasons justified an exceptional sentence. *Id.* at 709-10. On appeal, the defendant argued—just as Fulkerson does here—that determining whether an aggravating circumstance is substantial and compelling necessarily involves factual questions. *Id.* at 708.

Division One disagreed, explaining that Washington courts have consistently held that the substantial and compelling determination is a legal conclusion derived from facts found by the jury. *See id.* Accordingly, Division One held that "the trial court properly analyzed and articulated the basis for the exceptional sentence without engaging in prohibited fact finding." *Id.* at 710.

Since *Sage*, the remaining divisions of this court have adopted and applied its reasoning to the same issue. *E.g.*, *State v. Guevara*, No. 34636-6-III, slip op. at 6-8, (Wash. Ct. App. Mar. 6, 2018) (unpublished), https://www.courts.wa.gov/opinions/ pdf/346366_unp.pdf; *In re Personal Restraint of Ferrer*, No. 53802-4-II, slip op. at 13-18, (Wash. Ct. App. Dec. 14, 2021) (unpublished), https://www.courts.wa.gov/ opinions/pdf/D2%2053802-4-II%20Unpublished%20Opinion.pdf; *see also Johnson*, 29 Wn. App. 2d 401 (Division One reaffirming its decision and reasoning in *Sage*.). We continue to adhere to our prior decisions and reasoning on this issue.

Here, the trial court entered written findings confirming that the jury, by special verdict, found the aggravating circumstances beyond a reasonable doubt. The court then concluded that those aggravating circumstances were sufficiently substantial and compelling to justify an exceptional sentence. Under our established case law, this is all that was required. The trial court therefore did not err.

Fulkerson, like the defendant in *Sage*, relies on *Hurst* to support his argument. *See Sage*, 1 Wn. App. 2d at 710 n.86. He contends the Florida death penalty sentencing scheme deemed unconstitutional by the United States Supreme Court mirrors the SRA. But, for the same reasons the *Sage* court rejected this argument, we likewise reject it:

> In *Hurst*, the Supreme Court held Florida's death penalty procedure violated the defendant's Sixth Amendment right to a jury trial because the jury's findings of aggravating factors were advisory, resulting in prohibited fact finding by the judge. But the Florida statute at issue expressly state [sic] that the jury findings were "advisory." Fla. Stat. § 921.141 (2004).

7

> By contrast, under Washington procedure here, the jury exclusively
> resolves the factual question whether the aggravating circumstances have
> been proven beyond a reasonable doubt.

*Id*.

Fulkerson briefly relies on Justice Scalia's concurrence in *Ring v. Arizona*, arguing that our inquiry should turn on the effect of the sentencing determination rather than its label. 536 U.S. 584, 610, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002) (Scalia, J., concurring)). But a concurrence does not bind this court. Moreover, Fulkerson provides no other discussion or analysis of *Ring* or its applicability to this case. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

In his reply brief, Fulkerson also invokes *Erlinger v. United States*[3] in support of his argument. But this court does not consider any argument raised for the first time in the reply brief. *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990). In any event, *Erlinger* is inapposite. The court held that the determination of whether prior offenses occurred on different occasions was a question for the jury. *Erlinger*, 602 U.S. at 834. Furthermore, the court clarified that its holding was limited to the occasions inquiry. *Id.* at 835. Here, Fulkerson's argument does not fall within *Erlinger*'s limited holding.

---

[3] 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024).

The trial court did not engage in impermissible fact-finding and therefore did not violate Fulkerson's Sixth and Fourteenth Amendment rights.

2.   COMPLIANCE WITH MANDATE

Fulkerson argues the trial court failed to comply with this court's prior remand order because it did not conduct a new sentencing hearing and merely signed State-drafted findings that, in his view, were conclusory. We disagree.

In the prior appeal, we remanded the case "for entry of written findings of fact and conclusions of law." CP at 142. Our decision did not direct the trial court to conduct a new sentencing hearing, take additional evidence, or reweigh the aggravating factors. Rather, it simply directed the trial court to reduce its sentencing rationale to writing as required by RCW 9.94A.535.

On remand, the trial court held a hearing, reiterated that its sentencing rationale had not changed, and entered written findings and conclusions stating that the jury had found the aggravating factors beyond a reasonable doubt and that those aggravators constituted substantial and compelling reasons justifying an exceptional sentence under RCW 9.94A.535. These written findings directly addressed the deficiencies identified in our prior decision and complied with the scope of the remand.

The trial court complied with this court's prior decision and remand order.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Cooney, J.